

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00180-CR

---

JOSHUA GRIFFIN BORDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 32242B, Honorable Titiana Frausto, Presiding

---

July 9, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Joshua Griffin Borders, appeals from the judgment convicting him of indecency with a child by sexual contact, a second-degree felony, and assessing punishment at fourteen years of confinement.[1]  His opening brief raised three issues, one of which he expressly withdrew in his reply brief as unpreserved.  Two issues remain:

---

[1] *See* TEX. PENAL CODE § 21.11(a)(1).

whether the trial court abused its discretion in denying his motion for mistrial, and whether trial counsel rendered ineffective assistance. We affirm.

**BACKGROUND**

A grand jury indicted Appellant for indecency with a child, alleging that he engaged in sexual contact with B.G. by touching her genitals with the intent to arouse or gratify his sexual desire. B.G., eleven years old at the time of trial, testified that Appellant was her stepfather.

The event occurred on the morning of May 13, 2022, when B.G. was eight. B.G.'s younger half-brother was sick, and B.G. was kept home from school to help watch him. After her mother left for work, Appellant invited B.G. to lie down with him and her brother in his bedroom. While she was trying to fall asleep, Appellant pulled up her dress, pulled her shorts down slightly, moved her underwear to the side, and touched her genitals. He briefly stopped and then touched her again. B.G. pretended to be asleep during the event. She eventually rolled over, Appellant stopped, and she stood up. Appellant then directed her to the living room.

B.G. disclosed the offense to her mother as soon as her mother returned home from work. Her mother took the children to the police station to make a report. B.G. received a sexual-assault examination and participated in a forensic interview. B.G. testified at trial that she did not fall asleep in the bed with Appellant, but she told the forensic interviewer that she did fall asleep. She then clarified that she pretended to be asleep. Appellant questioned B.G. about this discrepancy during the State's case-in-chief and his own, and he emphasized it in closing.

2

During the State's rebuttal, the following exchange occurred:

| | |
|---|---|
| [State:] | Now, we tell our kids if somebody touches you, good touch/bad touch, if something happens to you, you tell, right? You tell. You let somebody know right away. And that is exactly what our girl did. As soon as the first person that she could tell, she did. She did exactly what we want our kids to do. And she has never wavered since. |
| | Look at this little girl, 8 years old, and Mr. Wilson thinks that she's conjured up this whole story. She is a child in the second grade coming up with this elaborate scheme and has remained consistent. Believe her. Believe her. There is no reason to not. Because if you don't, we need to change the message to just keep it to yourself because we're not going to believe you anyways, right? |
| [Appellant's Counsel]: | I'm going to object. That's improper plea for law enforcement outside the allowed ability to do that. She can't ask them to change their verdict because she doesn't like what they might decide. |
| THE COURT: | I'm going to sustain the objection. |
| [Appellant's Counsel]: | Ask jury to disregard. |
| THE COURT: | Jury will disregard the last statement made by [the State]. |
| [Appellant's Counsel]: | Move for a mistrial. |
| THE COURT: | Request is denied. |

**ANALYSIS**

A.  The Denial of the Motion for Mistrial Was Not an Abuse of Discretion.

Appellant contends that the trial court should have granted a mistrial after the State made what he characterizes as an improper plea for law enforcement.  A mistrial is an

3

extreme remedy reserved for a narrow class of highly prejudicial and incurable errors, and the trial court's ruling here was within the zone of reasonable disagreement.

We review the denial of a motion for mistrial for abuse of discretion. *Archie v. State*, 340 S.W.3d 734, 738–39 (Tex. Crim. App. 2011) (citing *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004) (en banc)). The ruling will be upheld if, viewed in the light most favorable to it, it falls within the zone of reasonable disagreement. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). To assess whether a mistrial was required, we apply the *Mosley* balancing factors: (1) the severity of the misconduct, (2) the measures adopted to cure it, and (3) the certainty of conviction absent the misconduct. *Hawkins v. State*, 135 S.W.3d 72, 75 (Tex. Crim. App. 2004) (citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)). A prompt instruction to disregard ordinarily cures any prejudice arising from improper argument, *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (en banc) (per curiam), and we presume the jury followed that instruction. *Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000) (en banc).

Assuming without deciding that the State's argument constituted an impermissible plea for law enforcement, the record supports the trial court's ruling. The comment was neither egregious nor prolonged. It came during rebuttal and responded to Appellant's closing, which had squarely attacked B.G.'s credibility on the discrepancy regarding whether she had actually fallen asleep. *See Crayton v. State*, 463 S.W.3d 531, 535 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (denial of mistrial not an abuse of discretion where the State's improper comment was brief and insignificant and the trial court gave a curative instruction). The prosecutor did not return to the argument. And the trial court

4

gave an immediate instruction to disregard, the effect of which is presumed. *Wesbrook*, 29 S.W.3d at 116.

The strength of the evidence further supports the ruling. B.G. gave a consistent account of the touching itself across four separate settings: the outcry to her mother, the sexual-assault examination, the forensic interview, and her trial testimony. Given the substantial likelihood of conviction absent the challenged remark, the trial court could reasonably conclude that a mistrial was unnecessary. *See Hawkins*, 135 S.W.3d at 75.

We overrule this issue.

## B. The Record Does Not Support Appellant's Ineffective-Assistance Claims.

Appellant challenges trial counsel's performance as ineffective in three respects: (A) failing to offer a psychosexual evaluation and to call its author, (B) failing to introduce during guilt/innocence evidence that B.G.'s mother had disclosed her own history of sexual abuse to B.G., and (C) failing to preserve error on portions of Dr. Jennings's testimony and to request instructions to disregard. On the present record, none of the three succeeds.

### ADDITIONAL BACKGROUND

At a pretrial bond hearing, Appellant introduced a psychosexual evaluation that found no established pattern of pedophile interests, tendencies, or behaviors and identified a low risk to re-offend. The same report also contained a sex-item-truthfulness score of forty-seven, placing Appellant in the medium-risk range and concluding that he was attempting to minimize his sex-related problems and concerns. It reported an

impulsiveness scale score of ninety, in the severe-problem range, and an antisocial scale score of eighty-nine, indicating the presence of antisocial behaviors and patterns. Although the report described him as normal, it also found that Appellant showed significant sexual interests in adolescent females. The report was not offered at trial.

At trial, the State called Lynn Jennings, PhD, a licensed professional counselor and sex-offender-treatment provider, who testified to behaviors common among children who have been sexually abused. The State asked whether B.G.'s testimony appeared consistent. Trial counsel objected, and the trial court sustained the objection. The State then asked a substantially similar question, to which counsel did not object. Jennings responded, "She did. That doesn't speak to believability or anything like that, but it was consistent." The State later asked about long-term effects of intrafamily sexual abuse. Counsel objected on relevance grounds, and the trial court sustained the objection, but counsel did not move to strike or request an instruction to disregard.

## APPLICABLE LAW

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. U.S. CONST. amend. VI.; *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017). An ineffective-assistance claim requires proof of counsel's deficient performance and prejudice; both are ordinarily difficult to establish on direct appeal. To prevail, an appellant must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability that but for counsel's deficient performance the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307–08 (Tex.

6

Crim. App. 2013). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and any allegation of ineffectiveness must be firmly founded in the record. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013); *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999).

Direct appeal is typically an inadequate vehicle for an ineffective assistance claim because the record is generally undeveloped as to counsel's reasons. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017). When the record is silent, we assume counsel had a strategy if any sound strategic motivation can be imagined. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). To succeed on a claim of ineffective assistance based on the failure to object, an appellant must also show the trial court would have committed error in overruling the omitted objection. *Ex parte Parra*, 420 S.W.3d 821, 824–25 (Tex. Crim. App. 2013). "It is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

## ANALYSIS

With regard to the psychosexual evaluation, Counsel had multiple sound reasons not to place the report before the jury, and its admissibility is doubtful in any event. The report's negative findings, severe-range impulsiveness, antisocial-range findings, an admission that Appellant was attempting to minimize his sex-related problems, and an identified sexual interest in adolescent females, plainly carried substantial risk. This Court

7

will presume a strategic motivation to keep such material out on a silent record.  *See Garcia*, 57 S.W.3d at 440.  Beyond that, we cannot say the trial court would have erred by excluding the report had it been offered.  *See Ex parte Parra*, 420 S.W.3d at 824–25. A defendant may offer evidence of a pertinent character trait to show it is improbable he committed the charged offense.  TEX. R. EVID. 404(a)(2)(A).  But being a non-pedophile is not evidence of a person's character or character trait.  *See Reighley v. State*, 585 S.W.3d 98, 103 (Tex. App.—Amarillo 2019, pet. ref'd) (holding "the status of being a murderer or a pedophile is not a 'character trait.'") (citing *Wheeler v. State*, 67 S.W.3d 879, 882 n.2 (Tex. Crim. App. 2002)).  And the record does not establish that its author was available and would have testified favorably.  *See Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010).

Appellant did not call B.G.'s mother during the guilt/innocence phase; the record is silent as to counsel's reasons.  Counsel could reasonably have concluded that placing Appellant's ex-wife on the stand risked more harm than benefit.  Her punishment-phase testimony described prior cuddling incidents in which Appellant was repeatedly found with his hands on B.G.'s lower belly beneath a blanket.  On another occasion, she observed Appellant with an erection after B.G. had "spooned" with him, lying in front of him with the girl's bottom faced toward his body.  B.G.'s mother also described Appellant's defensive reaction when asked about B.G.'s bow being in his bed after he was asked to take the girl to daycare.  Any of these matters could have been developed by the State on cross-examination during guilt/innocence.  *See Depena v. State*, 148 S.W.3d 461, 470 (Tex. App.—Corpus Christi 2004, no pet.) (courts should not second-guess a decision not to call a "double-edged sword" witness).

8

Finally, Appellant complains that his trial counsel was ineffective by failing to object to certain testimony from Jennings, permitting arguments to objections to occur in front of a jury, and failing to request an instruction to disregard. However, these also fail because Appellant cannot establish a reasonable probability of a different outcome. *Strickland*, 466 U.S. at 687. Regarding the failure to object to the second question posed to Jennings about B.G.'s consistent response, Jennings expressly qualified her answer: "That doesn't speak to believability or anything like that, but it was consistent." The jury observed B.G.'s testimony first-hand and could evaluate its consistency without expert aid. As to the absence of a request to disregard following the sustained relevance objection, the jury did not hear the substantive testimony the State sought to elicit; the exchange concerned admissibility. On this record, there is no reasonable probability that an instruction to disregard would have altered the outcome. *Id.*

Our resolution of these claims on the present record does not preclude Appellant from developing them further in a post-conviction proceeding. *See Menefield*, 363 S.W.3d at 593; *Robinson v. State*, 16 S.W.3d 808, 810–11 (Tex. Crim. App. 2000).

We overrule this issue.

### CONCLUSION

We affirm the trial court's judgment.

Lawrence M. Doss<br>
Justice

Do not publish.

9